ELECTRONIC

**June 30, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARC RUBIN,

## 08-80715-Civ-RYSKAMP/VITUNAC

    Plaintiff,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation,
and ALDERWOODS GROUP, INC., a
Delaware corporation,

    Defendants.

_____/

## DEFENDANT, SERVICE CORPORATION INTERNATIONAL'S
## NOTICE OF REMOVAL

Defendant, SERVICE CORPORATION INTERNATIONAL ("SCI"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action which had been pending as Case No.: 50-2008-CA-008133-XXXXMB-AI in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (hereinafter "the Action"), to the United States District Court for the Southern District of Florida, and states:

### I.    Nature of the Action:

On or about March 24, 2008, Plaintiff, MARC RUBIN, instituted this action by filing an eight (8) count Complaint against SCI and Alderwoods AFP, a Florida corporation, asserting claims for "Breach of Contract" (Counts I and II); "Unpaid Commission Pursuant to Florida Statutes § 686.201" (Counts III and IV), "Unjust Enrichment" (Counts V and VI), and "Quantum Meruit" (Counts VII and VIII), all of which purport to arise out of Plaintiff's alleged employment with and separation from Defendants. Based on Plaintiff's original Complaint this action was not

{WP508528;1}

one that could be removed on the basis of diversity jurisdiction.  However, on or about June 5,

2008, Plaintiff filed an Amended Complaint, substituting Defendant, ALDERWOODS GROUP,

INC., in place of Alderwoods AFP, but otherwise leaving the eight (8) counts of his original

Complaint, including all counts specifically directed to SCI, intact.[1]   As a result of the

substitution of ALDERWOODS GROUP, INC., a Delaware corporation headquartered in Texas,

diversity jurisdiction now exits.

### II.   **Basis for Removal:**

Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).

Specifically, Plaintiff, MARC RUBIN, and Defendants, SCI and ALDERWOODS GROUP,

INC., are citizens of different states as follows:

a.   Upon information and belief, Plaintiff, MARC RUBIN, is a citizen and

resident of Broward County, Florida.  (See Amended Complaint at ¶ 1).[2]

b.   Defendant, SERVICE CORPORATION INTERNATIONAL, is a Texas

corporation with its principal place of business in Houston, Texas.  Therefore, SCI, is a citizen

and resident of Texas.

c.   Defendant, ALDERWOODS GROUP, INC. is a Delaware corporation

with its principal place of business in Houston, Texas.  Therefore, Defendant, ALDERWOODS

GROUP, INC., is a citizen and resident of Delaware and of Texas.

Further, as specifically set forth in the Amended Complaint, the amount in controversy is

in excess of the $75,000.00 threshold.  28 U.S.C. § 1332.  Specifically, Plaintiff seeks severance

---

[1] The counts of Plaintiff's Amended Complaint are misnumbered.  Although there are eight (8) total counts, they are numbered I though VII as there are two counts labeled "Count V."
[2] As further evidence, a recent search of the public records in the state of Florida indicates that Plaintiff is in possession of a current Florida driver license.

{WP508528;1}                                          2

pay in the amount of $362,383.84 and allegedly unpaid commissions in the amount of $2,608.95. (See Amended Complaint at ¶ 23).

### III.   Timeliness of Removal:

SCI received a copy of Plaintiff's Amended Complaint on June 5, 2008.  Defendant, ALDERWOODS GROUP, INC., has not yet received a copy of  the Amended Complaint and has not yet been served with process in this action.  This Notice of Removal is timely in that it is being filed and served within 30 days after SCI first received a copy of the amended pleading from which it could first be ascertained that this action is one which has become removable and within one year after commencement of this action.  28 U.S.C. § 1446(b).

### IV.   Pleadings and Process:

In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders now on file with Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida are attached hereto as **Composite Exhibit "A."**

### V.   Notice of Removal Provided To State Court:

Contemporaneous with filing this Notice of Removal, the undersigned has served a Notice of Filing Notice of Removal ("Notice of Filing") upon Plaintiff as required by 28 U.S.C. § 1446(d).  A copy of that Notice of Filing (without exhibits) is attached hereto as **Exhibit "B."** The original Notice of Filing is being filed with Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida as required by 28 U.S.C. § 1446(d).

### VI.   Conclusion:

Removal is proper because this matter clearly falls within this Court's subject matter jurisdiction and removal is timely.  SCI having met all procedural requisites for removal and

having paid the appropriate filing fee, respectfully requests that the Court take jurisdiction over the Action and conduct all further proceedings.

Dated:  June 30, 2008
West Palm Beach, FL

Respectfully submitted,

Eric A. Gordon (Florida Bar No. 071341)
E-mail:  eric.gordon@akerman.com
Melissa S. Zinkil (Florida Bar No. 0653713)
E-mail:  melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-6183
Telephone:  561.653.5000
Facsimile:  561.659.6313

*Attorneys for Defendant, Service Corporation International*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U.S. mail to all parties on the attached Service List on June 30, 2008.

Eric A. Gordon (Florida Bar No. 071341)

## SERVICE LIST

Howard K. Coates, Jr.
Jack R. Cottrell, Jr.
**THE COATES LAW FIRM**
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Telephone:  561.333.4911
Facsimile:  561.333.4988

*Attorney for Plaintiff,
Marc Rubin*

Eric A. Gordon, Esq.
E-mail:  eric.gordon@akerman.com
Melissa S. Zinkil, Esq.
E-mail:  melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-1683
Telephone:  561.653.5000
Facsimile:  561.659.6313

*Attorneys for Defendant,
Service Corporation International*

# COMPOSITE EXHIBIT "A"

CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

I.   CASE STYLE

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

MARC RUBIN, individually,

     Plaintiff,

v.

SERVICE CORPORATION INTERNATIONAL, a Texas
Corporation and ALDERWOODS AFP, a Florida Corporation,

     Defendants.

50 2008 CA 0 0 8 1 3 3 XXXX MB

II.   TYPE OF CASE (Place an "X" in one box only. If the case fits more than one type of case, select the most definitive.)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| Simplified dissolution | Professional Malpractice | X Contracts |
| Dissolution | Products liability | Condominium |
| Support-IV-D | Auto negligence | Real property/Mortgage |
| Support Non-IV-D | Other Negligence |    foreclosure |
| URESA-IV-D | | Eminent domain |
| URESA-Non IV-D | | Other |
| Domestic violence | | |
| Other domestic relations | | |

III.   Is Jury Trial Demanded in Complaint?
    Yes
    No

DATE: _March 19_, 2008

SIGNATURE OF ATTORNEY
FOR PARTY INITIATING ACTION

Howard K. Coates, Jr.
Florida Bar No. 0714305
Jack Cottrell
Florida Bar No. 482412
THE COATES LAW FIRM
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Tel: (561) 333-4911
Fax: (561) 333-4988

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

MARC RUBIN, individually,

     Plaintiff,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas Corporation
and ALDERWOODS AFP, a Florida
Corporation,

     Defendant.

Case No.

50 2008 CA 0 0 8 1 33 XXXX MB

## VERIFIED COMPLAINT

Plaintiff, MARC RUBIN, individually, hereby files this Complaint against

Defendants, SERVICE CORPORATION INTERNATIONAL, and ALDERWOODS

AFP, and avers as follows:

## INTRODUCTION

This action arises out of severance pay due and owing to Mr. Rubin when assets

were purchased by Service Corporation International ("SCI"). SCI purchased assets of

Alderwoods AFP (Alderwoods) on or about June 1, 2007. As part of this transaction, Mr.

Rubin was advised specifically that SCI would be undertaking and honoring any severance

obligations to Alderwoods employees who were not retained by SCI in connection with the

asset purchase, or who were not subsequently employed by SCI in the same or similar position

with the same or similar compensation. Mr. Rubin was not offered a similar position with

similar compensation. As such he is entitled to be paid the severance in accordance with

Alderwood's long standing policy for the full term of his employment. Plaintiff was denied

1

the severance pay he was entitled as well as his wages for the month of June 2007 by the Defendants.

## THE PARTIES

1.  Plaintiff, MARC RUBIN (hereinafter "Rubin"), is an individual residing in Broward County, Florida, over the age of eighteen years, and otherwise sui juris.

2.  Defendant, Service Corporation International (hereinafter "SCI"), is a Texas corporation, organized and existing under the laws of the State of Texas, and doing business in Palm Beach County, Florida

3.  Defendant, Alderwoods AFP (hereinafter "Alderwoods"), a Deleware corporation, organized and existing under the State of Deleware, and doing business in Palm Beach County, Florida.

## JURISDICTION

4.  This is an action for damages in excess of $15,000.00, exclusive of interest and costs.

5.  Venue is proper in Palm Beach County, Florida, as this is the County wherein the causes of action alleged herein accrued.

## GENERAL ALLEGATIONS

6.  In 1981, Plaintiff, Marc Rubin, began employment with Rubin-Zilbert Memorial Chapel in Miami, Florida which was purchased and subsequently became part of Alderwoods AFP.

7.  Mr. Rubin continued his employment with Alderwoods as a management employee until June 1, 2007 when Alderwoods was purchased by SCI.

2

8. Mr. Rubin was not offered a similar position with similar compensation after the purchase by SCI and his employment with Alderwoods was effectively terminated and, as such, he is entitled to severance pay.

9. The practice of Alderwoods' was to offer compensation to long standing management employees at the conclusion of their employment.

10. Specifically, it was Alderwoods past practice to offer management employees two weeks severance pay for each year of employment based on the average weekly salary for the most recent 52 weeks of employment.

11. Notably, Mr. Rubin was advised by Alderwoods that SCI would be specifically undertaking and honoring any severance obligations and that he was entitled to severance pay consistent with past practices by Kim Elliot, a Human Resource Manager at FTC Hold Separate Locations. See Exhibit "A" attached hereto and incorporated herein.

12. FTC Hold Separate Locations was established by agreed Order of the Federal Trade Commission, Alderwoods, and SCI, in which SCI and Alderwoods were required to hold separate and maintain assets in markets where divestiture was required.

13. Specifically, Mr. Rubin was informed by Kim Elliot a Human Resource Manager at FTC Hold Separate Locations that his average weekly salary with Alderwoods was $6,968.92. In addition, Mr. Rubin was informed by Kim Elliot that Alderwoods was giving him credit for 19.7 years of employment and that he was entitled to severance pay in the amount of $274,575.45 if he was not offered a similar position with similar pay at SCI.

3

14. Mr. Rubin was not offered a similar position at a similar pay and in fact was advised by SCI that he would not be placed in a management position with SCI.

15. As a result of the purchase of Alderwoods by SCI, Mr. Rubin's employment was terminated.

16. On May 30, 2007, Mr. Rubin was also informed that he was technically an employee of SCI due to his location status change which resulted from the asset purchase agreement with SCI. See Exhibit "A" attached hereto and incorporated herein.

17. Mr. Rubin was further informed that he would have to contact SCI's human relations department in order to receive his severance pay.

18. Defendant Alderwoods improperly calculated Mr. Rubin's term of employment at 19.7 years, as Mr. Rubin actually began his employment with an Alderwoods affiliate, Rubin-Zilbert Memorial Chapel in Miami, Florida, in 1981. Thus, Mr. Rubin's severance pay should be calculated on 26 years of employment.

19. On November 27, 2007, Plaintiff demanded from SCI and Alderwoods payment of severance pay in the amount of $362,383.84 based on 26 years of employment, and $2,608.95 for unpaid commissions for June 2007.

20. To date, SCI and Alderwoods have refused to provide Plaintiff with severance pay or unpaid commissions.

21. Severance pay is deemed wages under Florida law. Mr. Rubin is entitled to severance pay from Alderwoods and SCI.

22. A denial of severance pay is deemed a denial of wages under Florida law and Mr. Rubin has been denied wages.

4

23.     Alderwoods and SCI owe severance pay in the amount of $362,383.84 and unpaid commissions to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

## COUNT I – BREACH OF CONTRACT
### (ALDERWOODS)

24.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

25.  At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

26.  At all times material hereto, Alderwoods had a duty to comply with its obligation to pay severance to Mr. Rubin.

27.  With respect to Mr. Rubin's termination with Alderwoods, Alderwoods wrongfully failed in the performance of its duties and responsibilities as determined by the past practices and by Alderwoods' admissions that Mr. Rubin was entitled to severance pay.

28.  Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amount of $362,383.84.

29.  Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

30.  Alderwoods became obligated to pay Mr. Rubin severance pay for the entire period of his employment of twenty-six (26) years when Plaintiff's employment was terminated with Alderwoods' purchase by SCI.

5

31.  Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

32.  As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to honor severance payments and failure to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin under the severance agreement.

33.  As a result of the Alderwoods's breach of its obligation to pay severance, Plaintiff has suffered damages.

34.  As a result of the Alderwoods's failure to pay wages for the month of June 2007, Plaintiff has suffered damages.

35.  All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
(SERVICE CORPORATION INTERNATIONAL)

36.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

37.  Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to honor severance payment agreements.

38.  At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

6

39. At all times material hereto, SCI had a duty to comply with the terms of the any and all agreements of Alderwoods, including the severance agreement with Mr. Rubin.

40. With respect to Mr. Rubin's termination with Alderwoods and SCI, SCI wrongfully failed in the performance of its duties and responsibilities with respect to the payment of severance to Mr. Rubin.

41. SCI wrongfully took the position that it was not obligated to honor the severance agreement and commissions due and owing to Mr. Rubin in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amounts of $362,383.84.

42. As a result of the termination of Mr. Rubin's employment, SCI became obligated to pay Mr. Rubin severance pay for his entire period of employment with Alderwoods which was twenty-six (26) years.

43. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

44. As a result of the above-described actions, as well as its actions taken in refusing to honor severance payments due and owing to Mr. Rubin, SCI is in breach of its obligations to Mr. Rubin under the severance agreement.

45. Further, SCI has failed to pay commissions due and owing the Plaintiff for the month of June 2007.

46. As a result of SCI's breach of its obligations, Plaintiff has suffered damages.

47. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

7

48. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT III - UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
### (ALDERWOODS)

49. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

50.   At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

51. At all times material hereto, Alderwoods had a duty to comply with its obligation to pay commissions to Mr. Rubin.

52. Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

53. Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

54. Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

55. As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin.

56. As a result of the Alderwoods's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

57. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

### COUNT IV – UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
(SERVICE CORPORATION INTERNATIONAL)

58. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

59. Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to pay commissions to Mr. Rubin.

60. At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

61. At all times material hereto, SCI had a duty to comply with its obligation to pay commissions to Mr. Rubin.

62. SCI wrongfully took the position that it was not obligated to honor the payment of commissions due and owing to Mr. Rubin in an effort to avoid its financial obligations to Mr. Rubin.

63. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

9

64. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

65. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
### (ALDERWOODS)

66. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

67. At all times material hereto, Defendant, Alderwoods made promises to Mr. Rubin that he would be entitled to severance pay.

68. Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

69. At the time these representations were made to Mr. Rubin, Alderwoods knew they were false.

70. Through fraud, the Defendant, Alderwoods, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

71. As a result of fraud, a benefit has been conferred upon the Alderwoods.

72. Under the circumstances, it would be inequitable for the Defendant, Alderwoods, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

10

## COUNT V – UNJUST ENRICHMENT
(SERVICE CORPORATION INTERVNATIONAL)

73. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

74. At all times material hereto and subsequent to SCI's purchase of Alderwoods, Defendant, SCI was obligated to pay obligations of Alderwoods including severance pay to Mr. Rubin.

75. In fact, subsequent to Alderwoods purchase by SCI, Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

76. At the time representations were made to Mr. Rubin regarding severance pay he had accumulated, SCI had no intension of honoring its obligation.

77. Through fraud, the Defendant, Alderwoods and SCI, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

78. As a result of this fraud, a benefit has been conferred upon SCI.

79. Under the circumstances, it would be inequitable for the Defendant, SCI, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

## COUNT VI - QUANTUM MERUIT
(ALDERWOODS)

80. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

81. Mr. Rubin provided services for Defendant, Alderwoods, with the expectation of payment for such services.

11

82. Defendant, Alderwoods, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

83. Defendant, Alderwoods', actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in Alderwoods behalf.

84. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods, and for such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

### COUNT VII - QUANTUM MERUIT
(SERVICE CORPORATION INTERNATIONAL)

85. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

86. Mr. Rubin provided services for Defendant, SCI, with the expectation of payment for such services.

87. Defendant, SCI, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

88. Defendant, SCI's, actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in SCI's behalf.

89. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

12

WHEREFORE, Plaintiff demands judgment for damages against Service

Corporation International, and for such other and further relief as the Court deems just

and proper, including attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Date: March _____, 2008

THE COATES LAW FIRM
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Tel: (561) 333-4911
Fax: (561) 333-4988

By: _____
Howard K. Coates, Jr.
Fla. Bar No. 0714305
Jack R. Cottrell, Jr.
Fla. Bar No. 482412
Attorneys for Plaintiff

13

## VERIFICATION

STATE OF FLORIDA )
)
COUNTY OF PALM BEACH )

Before me, the undersigned authority, personally appeared MARC RUBIN, who took an oath and says that he has read the foregoing complaint and that each fact asserted in it is correct and true.

MARC RUBIN

Sworn to or affirmed and signed before me on March _6_, 2008 by Marc Rubin.

CYNTHIA A. GRUBER
MY COMMISSION # DD 523789
EXPIRES: March 1, 2010
Bonded Thru Notary Public Underwriters

(Print, Type, or Stamp
Commissioned Name of Notary
Public)

____✓____ Personally Known
_____ Produced Identification
Type of Identification Produced:

14

22 of 86

# EXHIBIT A

From: Marc Rubin [mailto:marc.rubin@nsmg.com]
Sent: Tuesday, September 04, 2007 10:55 AM
To: rick.halkuff@scl-us.com
Cc: Kapp, Stuart
Subject: Commissions not received on contracts

September 4, 2007

Dear Mr. Halkuff:

I am writing to you for your help in regard to commissions that have not been paid since June of 2007. I have made numerous attempts to retrieve these commissions and have not been successful.

The following is a list of date of contract, name of customer, contract number and amount of sale for these contracts in question:

1. June 15, 2007    Arlene Warner        Contract # LMP 1006119    Amount of sale
$7,628.00
2. June 10, 2007    Arlene Warner        Contract# LMP 20074       Amount of sale $ 248.00
3. June 10, 2007    Harold Schondorf     Contract # 28-15605       Amount of sale
$6,834.05
4. June 10, 2007    Harold Schondorf     Contract # 28-15622       Amount of sale
$7,829.05
5. June 10, 2007    Harold Schondorf     Contract # 28-15623       Amount of sale
$4215.00
3. June 10, 2007    Harold Schondorf     Contract # 28-15624       Amount of sale $4215.00

09/04/2007

Print

**From:** Ron.Collins@alderwoods.com (Ron.Collins@alderwoods.com)
**To:** Marc Rubin
**Date:** Thursday, June 14, 2007 8:12:17 PM
**Cc:** mrubin717@yahoo.com
**Subject:** Re: Severance

Hi Marc –

I believe Kim has provided severance parameters employed by our group over the hold separate period. I truly can't comment on what you might be entitled to as I am not (nor can I be given my "Hold Separate" status) party to your current offer/status.

As discussed, I recommend that you speak with Jane or Dan before engaging counsel. Their numbers are 713.525.5550 and 713.525.5224 respectively.

Regards,

Ron

Ron Collins
Vice President Operations/Independent Manager
Federal Trade Commission Hold Separate Locations

416.302.0644 Cellular
866.947.2413 Fax
ron.collins@alderwoods.com

Vicki Clark
Assistant Controller/Human Resource Coordinator
513.768.7446 Direct Line
866.283.0421 Fax
vicki.clark@alderwoods.com

Marc Rubin <mrubin717@yahoo.com>

06/14/2007 06:49 PM

| To: | ron.collins@alderwoods.com |
|---|---|
| cc: | mrubin717@yahoo.com |
| Subject: | Severance |

June 14, 2007

Ron:

Can you please define the severance policy that we currently have at Alderwoods for me so that I can be can be clear on this issue and what it is that I am entitled to?

Would you also provide me with the contact information of the following people at SCI?

1. Dan Garrison – V.P. of Opperational Support

Print                                                                                    Page 2 of 2

2. Jane Jones - V.P. of HR (Houston)

Once again, it was a pleasure to have worked with you,

Sincerely,

Marc Rubin
mrubin717@yahoo.com
Cellular - 954-609-8428

—————————————————————————————————————————————

Be a better Globetrotter. Get better travel answers from someone who knows.
Yahoo! Answers - Check it out.

6/14/2007

Print

**From:** Kim.Elliott@alderwoods.com (Kim.Elliott@alderwoods.com)
**To:** Marc Rubin
**Date:** Monday, June 11, 2007 10:05:04 PM
**Subject:** Re: Severance

Hi Marc

Because your location has rolled back to SCI, all we could do was forward the matter
to them and ask that they look in to it.  Ron forwarded our email to Jane Jones, VP
of H.R. And to Dan Garrison as well.  Let me get their contact info to you tomorrow.

I had asked Ron if he heard back from Dan or Jane and he said that it is likely that
we will not be kept updated because it is an SCI issue.  I was hoping that perhaps
they had been in touch with you, but seems that has not happened.  It is unfortunate
that you have not heard from them as of yet and I apologize that there is not more
that I can do in this case.

I'll be in touch tomorrow.

Kim


Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416-917-3093 cell
866-328-3594 fax
kim.elliott@alderwoods.com

Print                                                                                    Page 1 of 2

**From:** Kim.Elliott@alderwoods.com (Kim.Elliott@alderwoods.com)
**To:** Marc Rubin
**Date:** Tuesday, June 5, 2007 5:22:56 PM
**Subject:** Re: Follow up on severance

Marc

I was hoping to have heard something back by now.  We immediately drafted
an email with all of the information related to your situation and
forwarded it to SCI.  We received an email back stating they received it
and needed to get a few people together to discuss how to handle it.  But I
have not heard anything further.

Ron and I will follow up once again and hopefully they will be in touch
soon.  We are hopeful that they will get back to us/you with good news.

Thanks for your patience.


Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com




          Marc Rubin
          <mrubin717@yahoo.        To:
kim.elliott@alderwoods.com
          com>                      cc:
                            Subject: Follow up on severance
          06/05/2007 04:27
          PM




Kim:

This is a follow up to last weeks email.

Would you kindly let me know Ron's response to the severance deal with SCI?

What is going on?  How can the reneg on Alderwoods responsibility to
employees in this matter?


                                                                          6/7/2007

Print

Thank you,

Marc Rubin
cellular - 954-609-8428
email - mrubin717@yahoo.com

Be a better Heartthrob. Get better relationship answers from someone who
knows.
Yahoo! Answers - Check it out.

6/7/2007

Print

**From:** Kim.Elliott@alderwoods.com (Kim.Elliott@alderwoods.com)
**To:** Marc Rubin
**Date:** Wednesday, May 30, 2007 2:58:07 PM
**Subject:** Re: Severance

Hi Marc

Sorry for any confusion. You and Richard and the first people that we have had this issue arise with in regards to not being offered a comparable position when the FTC location rolled back to SCI.

Since you are now technically an SCI employee, someone from their HR department will have to work with you on the severance piece. Unfortuantely, it is not something that we can handle on the FTC Hold Separate team since your location status has changed.

I have sent an email to an HR contact that I have at SCI and I am just waiting to hear back from her. We will have the FL SCI HR representative get in touch with you to discuss your situation and options.

I'll let you know as soon as I hear anything.

Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com

| | | |
|---|---|---|
| Marc Rubin <mrubin717@yahoo. com> Kim.Elliott@alderwoods.com 05/29/2007 09:09 PM | **To:** **cc:** **Subject:** | Re: Severance |

May 29, 2007

Kim:

After discussing employment oppurtunities with SCI on May 29, 2007, I have accordingly opted for the severance package outlined below. Please check

5/30/2007

Print                                                                    Page 2 of 3

the dates of hire becasue I have down that I started with Rubin-Zilbert
Memorial Chapels on Miami Beach in June of 1981, which is an Alderwoods
Group location before transfering to Levitt-Weinstein Memorial Chapels.

Kindly let me know what I need to bring this to a close.

Thank you for help.

Marc Rubin
Cellular - 954-609-8428
mrubin717@yahoo.com


----- Original Message -----
From: "Kim.Elliott@alderwoods.com" <Kim.Elliott@alderwoods.com>
To: Marc Rubin <mrubin717@yahoo.com>
Sent: Monday, May 28, 2007 11:10:28 AM
Subject: Re: Severance

Hi Marc

Payroll just got back to me. If we look at the last 52 weeks, your average
gross weekly earnings are $6,968.92. Payroll does not show you as having
any accrued, unused vacation.

So, in the event that you are not offered a comparable and reasonable
position with SCI, your severance package would be based on 19.7 years of
service. Managers are eligible for 2 weeks per year of service, giving you
a total of 39.4 weeks of severance. That equals a gross severance amount
of $274,575.45, less applicable deductions and withholdings.

Please let me know how your meeting goes on Tuesday, and if you get
anything in writing from SCI, please fax a copy to me.

Thanks Marc

Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com




              Marc Rubin

              <mrubin717@yahoo.      To:

                                                                    5/30/2007

Print                                                                    Page 3 of 3

kim.elliott@alderwoods.com

        com>       cc:

            Subject:  Severance

    05/25/2007 01:32

    PM

May 25, 2007

Dear Kim:

As per our conversation earlier today, to would like to know what the total
amount of money I would receive for my severance package?  This is an
important factor in determining the next steps that I will need to take in
my career path.

Once again as always thank you for your help.

If you would kindly forward this information to me at - mrubin717@yahoo.com

Best of luck to you and your family,

Marc Rubin
954-609-8428
or
954-804-2210

Moody friends. Drama queens. Your life? Nope! - their life, your story.
Play Sims Stories at Yahoo! Games.

Bored stiff? Loosen up...
Download and play hundreds of games for free on Yahoo! Games.

Re: start date



**Kim Elliott**

05/07/2007 06:59
PM EDT

To:Marc Rubin/Alderwoods@Alderwoods
cc:
bcc:
Subject:Re: start date

Hi Marc

There is nothing formal in writing, but our past severance practice has been to pay managers 2 weeks per year of service. For Sales Managers, we get an average weekly amount for the severance calculation by looking at their total income over the past 52 weeks.

Severance will only be given to employees if the new owner notifies us and lets us know that they will not be retained, or if a position is offered to our employees by the new owner and it is not a reasonably comparable position (i.e. more than 10% decrease in pay, significant decrease in responsibility and/or more than 50 miles from their current work location).

Please let me know if you need anything further.
Thanks

**Please note new fax number**

Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com

▼Marc Rubin

**Marc
Rubin**

05/07/2007
03:21 PM

To: Kim Elliott/Alderwoods
cc:
Subject: Re: start date

Yes, but could you also forward me the severance guidelines.

I understand that it is two weeks of your entire pay for each year served.

Thank you for your help.

Marc Rubin

Re: start date

**Kim Elliott**
05/02/2007 04:50 PM EDT

To: Marc Rubin/Alderwoods@Alderwoods
cc:
bcc:
Subject: start date

Hi Marc

I am showing your start date as October 1, 1987. Does that match your records?


\*\*Please note new fax number\*\*

Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com

start date



**Kim Elliott**

05/02/2007 04:50
PM EDT

To: Marc Rubin/Alderwoods@Alderwoods
cc:
bcc:
Subject: start date

Hi Marc

I am showing your start date as October 1, 1987. Does that match your records?

**Please note new fax number**

Kim Elliott
Human Resources Manager
FTC Hold Separate Locations
416.917.3093 cell
866.328.3594 fax
kim.elliott@alderwoods.com

IN THE CIRCUIT COURT IN THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| MARC RUBIN, individually,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, a Texas corporation and ALDERWOODS AFP, a Florida corporation,<br><br>    Defendants. | CASE NO.<br><br>50 2008 CA 0 0 8 1 33 XXXX MB |

## SUMMONS

To All and Singular the Sheriffs of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the VERIFIED COMPLAINT in this action on:

**By Serving:**  **ALDERWOODS AFP, a Florida corporation**
**Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

    Howard K. Coates, Jr.
    Jack R. Cottrell, Jr.
    The Coates Law Firm
    12012 South Shore Blvd., Suite 107
    Wellington, FL 33414
    (561) 333-4911

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED _____ MAR 2 4 2008

(SEAL)

CLERK OF THE CIRCUIT COURT

By _____ Deputy Clerk

BELVA HAMILTON

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

## AFFIDAVIT OF SERVICE

**State of Florida**                    **County of Palm Beach**                    **Circuit Court**

Case Number: 502008CA008133XXXXMB

Plaintiff:
**Marc Rubin, individually,**

vs.

Defendant:
**Service Corporation International, et. al.,**

For:
Plaintiff's Attorney



Received by Largo Investigations, Inc. on the 31st day of March, 2008 at 10:00 am to be served on **Alderwoods, Afp, A Florida Corporation c/o Corporation Service Company as RA, 1201 Hays Street, Tallahassee, FL 32301.**

I, Somer L. Burnette, being duly sworn, depose and say that on the **31st day of March, 2008** at **3:45 pm, I:**

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **Summons, Complaint with Exhibits** with the date and hour of service endorsed thereon by me, to: **Kim Glover** who is employed by and is the Authorized Agent/Employee Authorized to accept service for **Corporation Service Company** as **Registered Agent for Alderwoods, Afp, A Florida Corporation**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and not a party to this action. Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true.

Subscribed and Sworn to before me on the 2nd day of April, 2008 by the affiant who is personally known to me.

NOTARY PUBLIC

NOTARY PUBLIC STATE OF FLORIDA
Thomas Vause
Commission #DD363579
Expires: OCT. 24, 2008
Bonded Thru Atlantic Bonding Co., Inc.

Somer L. Burnette
ID# 193 2nd Circuit

**Largo Investigations, Inc.**
**9369 Aegean Dr.**
**Boca Raton, FL  33496**
**(561) 482-5757**

Our Job Serial Number: 2008004824
Ref: 08-999

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

IN THE CIRCUIT COURT IN THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

MARC RUBIN, individually,

     Plaintiff,

v.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation
and ALDERWOODS AFP, a Florida
corporation,

     Defendants.

CASE NO.

50 2008 CA 0 0 8 1 3 3 XXXX MB

Kim Glover   *AFM AGENT*
3-31-08  3:45 P.
SOMER L. Burnette
I.D. # 193

## SUMMONS

To All and Singular the Sheriffs of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the VERIFIED COMPLAINT in this action on:

          **ALDERWOODS AFP, a Florida corporation**
**By Serving:** **Corporation Service Company, Registered Agent**
          **1201 Hays Street**
          **Tallahassee, FL 32301**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

          Howard K. Coates, Jr.
          Jack R. Cottrell, Jr.
          The Coates Law Firm
          12012 South Shore Blvd., Suite 107
          Wellington, FL 33414
          (561) 333-4911

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED    **MAR 2 4 2008**

(SEAL)

CLERK OF THE CIRCUIT COURT

*Belva Hamilton*
Deputy Clerk

**BELVA HAMILTON**

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT IN THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| MARC RUBIN, individually,<br><br>          Plaintiff,<br><br>v.<br><br>SERVICE CORPORATION<br>INTERNATIONAL, a Texas corporation<br>and ALDERWOODS AFP, a Florida<br>corporation,<br><br>          Defendants. | CASE NO.<br><br>50 2008 CA 0 0 81 33 XXXX MB |

## SUMMONS

To All and Singular the Sheriffs of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the VERIFIED COMPLAINT in this action on:

**SERVICE CORPORATION INTERNATIONAL, a Texas corporation**
**By Serving:**  **Leonard Zilbert, as Registered Agent**
**1920 Alton Road**
**Miami Beach, FL 33139**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

        Howard K. Coates, Jr.
        Jack R. Cottrell, Jr.
        The Coates Law Firm
        12012 South Shore Blvd., Suite 107
        Wellington, FL 33414
        (561) 333-4911

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED     **MAR 2 4 2008**

(SEAL)

                              CLERK OF THE CIRCUIT COURT

                                    SHARON R. BOCK
               Deputy Clerk            Clerk & Comptroller
              **BELVA HAMILTON**     P.O. Box 4667
                                       West Palm Beach, Florida
                                       33402-4667

# VERIFIED RETURN OF SERVICE

State of FLORIDA                    County of PALM BEACH                    Circuit Court

Case Number: 50 2008 CA 8133 XSXXX MB

Plaintiff:
**MARC RUBIN, individually**

vs.

Defendant:
**SERVICE CORPORATION INTERNATIONAL, a Texas corporation and
ALDERWOODS AFP, a Florida corporation**

For:
Jack Cottrell
THE COATES LAW FIRM

Received by LARGO INVESTIGATIONS, INC. on the 26th day of March, 2008 at 4:00 pm to be served on SERVICE
CORPORATION INTERNATIONAL REGISTERED AGENT:  LEONARD ZILBERT, 1920 ALTON ROAD, MIAMI, FL 33139.

I, MARCUS PHILLIPS, dc hereby affirm that on the **4th day of April, 2008 at 11:43 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of
service endorsed thereon by me, to: **STAN EVANS AUTHORIZED AGENT TO ACCEPT FOR LEONARD ZILBERT** as
**Registered Agent** at the address of: **1920 ALTON ROAD, MIAMI, FL 33139** on behalf of **SERVICE CORPORATION
INTERNATIONAL**, and informed said person of the contents therein, in compliance with state statutes.

I acknowledge that I am a Certified Process Server in good standing in the Circuit in which the writ was served.  I
acknowledge that the date and time of service was printed on the original and all copies served on the defendant together
with my printed name and certificate number.  Duly appointed and qualified pursuant to F.S. 92.525 (2), no Notary is required.

**MARCUS PHILLIPS**
C.P.S. #1614

**LARGO INVESTIGATIONS, INC.**
**9369 Aegean Drive**
**Boca Raton, FL  33496**
**(561) 482-5757**

Our Job Serial Number: 2008001000

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2e

IN THE CIRCUIT COURT IN THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

*1000*
*5922*

| | |
|---|---|
| MARC RUBIN, individually,<br><br>     Plaintiff,<br><br>v.<br><br>SERVICE CORPORATION<br>INTERNATIONAL, a Texas corporation<br>and ALDERWOODS AFP, a Florida<br>corporation,<br><br>     Defendants. | CASE NO.<br><br>**50 2008 CA 008133 XXXX MB**   *AI*<br><br>*ACTR.*<br>*AGENT*<br>*STAN EVANS*<br>*4-4-08  11:43A.*<br>*MARCUS PHILLIP*<br>*C.P.S.A. 16* |

### SUMMONS

To All and Singular the Sheriffs of the State:

YOU ARE COMMANDED to serve this summons and a copy of the VERIFIED COMPLAINT in this action on:

**SERVICE CORPORATION INTERNATIONAL, a Texas corporation**
**By Serving:** **Leonard Zilbert, as Registered Agent**
**1920 Alton Road**
**Miami Beach, FL 33139**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

Howard K. Coates, Jr.
Jack R. Cottrell, Jr.
The Coates Law Firm
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
(561) 333-4911

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED _____**MAR 2 4 2008**_____ CLERK OF THE CIRCUIT COURT

(SEAL)

By _____
Deputy Clerk
**BELVA HAMILTON**

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO. 50 2008 CA 008133 XXXX MB AI

MARC RUBIN, individually,

    Plaintiff,

vs.

SERVICE CORPORATION INTERNATIONAL, a Texas corporation, and ALDERWOODS AFP, a Florida corporation,

    Defendants.

_____/

## NOTICE OF UNAVAILABILITY

PLEASE TAKE NOTICE that the undersigned attorney will be unavailable for the three week period from June 30 through July 18, 2008 due to the trial of Case No. 03-6495-CA-20, *Anthony Lomba, et al. vs. Johnson Controls Battery Group, Inc., et al.*, in the 11th Judicial Circuit in and for Miami-Dade County, Florida, before the Honorable Daryl Trawick, pursuant to Judge Trawick's Order dated May 12, 2008 resetting said trial. The undersigned respectfully requests that no hearings, depositions or other proceedings are scheduled in this cause during this period.

Dated: May 28, 2008
West Palm Beach, FL

Respectfully submitted,

Eric A. Gordon (Florida Bar No. 071341)
E-mail: eric.gordon@akerman.com
Melissa S. Zinkil (Florida Bar No. 0653713)
E-mail: melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401-6183
Telephone: 561.653.5000
Facsimile: 561.659.6313
*Attorneys for Defendants*

{WP500661;1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

facsimile and U.S. mail to all parties on the following Service List on May _28_ , 2008.

Eric A. Gordon (Florida Bar No. 071341)

## SERVICE LIST

Howard K. Coates. Jr.
Jack R. Cottrell, Jr.
The Coates Law Firm
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Tel: 561-333-4911
Fax: 561-333-4988

*Attorney for Plaintiff,*
*Marc Rubin*

Eric A. Gordon, Esq.
E-mail: eric.gordon@akerman.com
Melissa S. Zinkil, Esq.
E-mail: melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401-1683
Telephone: 561.653.5000
Facsimile: 561.659.6313

*Attorneys for Defendants,*
*Service Corporation International and Alderwoods AFP*

# MEMORY TRANSMISSION REPORT

```
                                    PAGE      : 001
                                    TIME      : MAY-28-08  16:08
                                    TEL NUMBER1: 5616596313
                                    TEL NUMBER2: 5616596313
                                    NAME      : Akerman Senterfitt
```

| | | |
|---|---|---|
| FILE NUMBER | : | 104 |
| DATE | : | MAY-28 16:07 |
| TO | : | ☎93334988 |
| DOCUMENT PAGES | : | 003 |
| START TIME | : | MAY-28 16:07 |
| END TIME | : | MAY-28 16:08 |
| SENT PAGES | : | 003 |
| STATUS | : | OK |

FILE NUMBER    : 104            *** SUCCESSFUL TX NOTICE ***

## Akerman|Senterfitt
ATTORNEYS AT LAW

Fort Lauderdale
Jacksonville
Los Angeles
Madison
Miami
New York
Orlando
Tallahassee
Tampa
Tysons Corner
Washington, DC
West Palm Beach

Esperante Building
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida 33401-6183

Post Office Box 3188 *mail*
West Palm Beach, Florida 33402-3188
www.akerman.com
561 653 5000 *tel*    561 659 6313 *fax*

## FAX COVER SHEET

From:  Eric A. Gordon                                    Date:  May 28, 2008

PLEASE DELIVER 3 PAGE(S) (including cover sheet) TO:

| | | |
|---|---|---|
| Name: | Howard K. Coates, Jr. | Fax Number:  561.333.4988 |
| Name: | Jack R. Cottrell, Jr. | Phone Number: 561.333.4911 |
| Company: | The Coates Law Firm | |

Please call (561) 653-5000, Ext. 30005 if you do not receive all the pages.

### Comments/Special Instructions

RE:    *Marc Rubin vs. Service Corporation International, et al.*

Please see the following *Notice of Unavailability*.

Thank you.

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachments.

Client/Matter No: _216045_                    User ID: _3296_

{WP149034R:1}

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

Case No. 502008CA008133XXXXMBAI

MARC RUBIN, individually,

      Plaintiff,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas Corporation
and ALDERWOODS GROUP, INC., a
Deleware Corporation,

      Defendants.

## AMENDED COMPLAINT

Plaintiff, MARC RUBIN, individually, hereby files this Complaint against

Defendants, SERVICE CORPORATION INTERNATIONAL, and ALDERWOODS

GROUP, INC., and avers as follows:

## INTRODUCTION

This action arises out of severance pay due and owing to Mr. Rubin when assets

were purchased by Service Corporation International ("SCI"). SCI purchased assets of

Alderwoods Group, Inc., (Alderwoods) on or about June 1, 2007. As part of this transaction,

Mr. Rubin was advised specifically that SCI would be undertaking and honoring any

severance obligations to Alderwoods employees who were not retained by SCI in connection

with the asset purchase, or who were not subsequently employed by SCI in the same or similar

position with the same or similar compensation. Mr. Rubin was not offered a similar position

with similar compensation. As such he is entitled to be paid the severance in accordance with

Alderwood's long standing policy for the full term of his employment. Plaintiff was denied

the severance pay he was entitled as well as his wages for the month of June 2007 by the Defendants.

## THE PARTIES

1. Plaintiff, MARC RUBIN (hereinafter "Rubin"), is an individual residing in Broward County, Florida, over the age of eighteen years, and otherwise sui juris.

2. Defendant, Service Corporation International (hereinafter "SCI"), is a Texas corporation, organized and existing under the laws of the State of Texas, and doing business in Palm Beach County, Florida

3. Defendant, Alderwoods Group, Inc. (hereinafter "Alderwoods"), a Deleware corporation, organized and existing under the State of Deleware, and doing business in Palm Beach County, Florida.

## JURISDICTION

4. This is an action for damages in excess of $15,000.00, exclusive of interest and costs.

5. Venue is proper in Palm Beach County, Florida, as this is the County wherein the causes of action alleged herein accrued.

## GENERAL ALLEGATIONS

6. In 1981, Plaintiff, Marc Rubin, began employment with Rubin-Zilbert Memorial Chapel in Miami, Florida which was purchased and subsequently became part of Alderwoods.

7. Mr. Rubin continued his employment with Alderwoods as a management employee until June 1, 2007 when Alderwoods was purchased by SCI.

2

8.  Mr. Rubin was not offered a similar position with similar compensation after the purchase by SCI and his employment with Alderwoods was effectively terminated and, as such, he is entitled to severance pay.

9.  The practice of Alderwoods' was to offer compensation to long standing management employees at the conclusion of their employment.

10. Specifically, it was Alderwoods past practice to offer management employees two weeks severance pay for each year of employment based on the average weekly salary for the most recent 52 weeks of employment.

11. Notably, Mr. Rubin was advised by Alderwoods that SCI would be specifically undertaking and honoring any severance obligations and that he was entitled to severance pay consistent with past practices by Kim Elliot, a Human Resource Manager at FTC Hold Separate Locations. See Exhibit "A" attached hereto and incorporated herein.

12. FTC Hold Separate Locations was established by agreed Order of the Federal Trade Commission, Alderwoods, and SCI, in which SCI and Alderwoods were required to hold separate and maintain assets in markets where divestiture was required.

13. Specifically, Mr. Rubin was informed by Kim Elliot a Human Resource Manager at FTC Hold Separate Locations that his average weekly salary with Alderwoods was $6,968.92. In addition, Mr. Rubin was informed by Kim Elliot that Alderwoods was giving him credit for 19.7 years of employment and that he was entitled to severance pay in the amount of $274,575.45 if he was not offered a similar position with similar pay at SCI.

3

14. Mr. Rubin was not offered a similar position at a similar pay and in fact was advised by SCI that he would not be placed in a management position with SCI.

15. As a result of the purchase of Alderwoods by SCI, Mr. Rubin's employment was terminated.

16. On May 30, 2007, Mr. Rubin was also informed that he was technically an employee of SCI due to his location status change which resulted from the asset purchase agreement with SCI. See Exhibit "A" attached hereto and incorporated herein.

17. Mr. Rubin was further informed that he would have to contact SCI's human relations department in order to receive his severance pay.

18. Defendant Alderwoods improperly calculated Mr. Rubin's term of employment at 19.7 years, as Mr. Rubin actually began his employment with an Alderwoods affiliate, Rubin-Zilbert Memorial Chapel in Miami, Florida, in 1981. Thus, Mr. Rubin's severance pay should be calculated on 26 years of employment.

19. On November 27, 2007, Plaintiff demanded from SCI and Alderwoods payment of severance pay in the amount of $362,383.84 based on 26 years of employment, and $2,608.95 for unpaid commissions for June 2007.

20. To date, SCI and Alderwoods have refused to provide Plaintiff with severance pay or unpaid commissions.

21. Severance pay is deemed wages under Florida law. Mr. Rubin is entitled to severance pay from Alderwoods and SCI.

22. A denial of severance pay is deemed a denial of wages under Florida law and Mr. Rubin has been denied wages.

4

23.    Alderwoods and SCI owe severance pay in the amount of $362,383.84 and unpaid commissions to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

## COUNT I – BREACH OF CONTRACT
### (ALDERWOODS)

24.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

25.   At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

26.   At all times material hereto, Alderwoods had a duty to comply with its obligation to pay severance to Mr. Rubin.

27.   With respect to Mr. Rubin's termination with Alderwoods, Alderwoods wrongfully failed in the performance of its duties and responsibilities as determined by the past practices and by Alderwoods' admissions that Mr. Rubin was entitled to severance pay.

28.   Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amount of $362,383.84.

29.   Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

30.   Alderwoods became obligated to pay Mr. Rubin severance pay for the entire period of his employment of twenty-six (26) years when Plaintiff's employment was terminated with Alderwoods' purchase by SCI.

5

31.  Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

32.  As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to honor severance payments and failure to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin under the severance agreement.

33.  As a result of the Alderwoods's breach of its obligation to pay severence, Plaintiff has suffered damages.

34.  As a result of the Alderwoods's failure to pay wages for the month of June 2007, Plaintiff has suffered damages.

35.  All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (SERVICE CORPORATION INTERNATIONAL)

36.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

37.  Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to honor severance payment agreements.

38.  At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

6

39. At all times material hereto, SCI had a duty to comply with the terms of the any and all agreements of Alderwoods, including the severance agreement with Mr. Rubin.

40. With respect to Mr. Rubin's termination with Alderwoods and SCI, SCI wrongfully failed in the performance of its duties and responsibilities with respect to the payment of severance to Mr. Rubin.

41. SCI wrongfully took the position that it was not obligated to honor the severance agreement and commissions due and owing to Mr. Rubin in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amounts of $362,383.84.

42. As a result of the termination of Mr. Rubin's employment, SCI became obligated to pay Mr. Rubin severance pay for his entire period of employment with Alderwoods which was twenty-six (26) years.

43. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

44. As a result of the above-described actions, as well as its actions taken in refusing to honor severance payments due and owing to Mr. Rubin, SCI is in breach of its obligations to Mr. Rubin under the severance agreement.

45. Further, SCI has failed to pay commissions due and owing the Plaintiff for the month of June 2007.

46. As a result of SCI's breach of its obligations, Plaintiff has suffered damages.

47. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

48. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT III - UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
### (ALDERWOODS)

49. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

50. At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

51. At all times material hereto, Alderwoods had a duty to comply with its obligation to pay commissions to Mr. Rubin.

52. Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

53. Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

54. Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

55. As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin.

56. As a result of the Alderwoods's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

57. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV – UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
### (SERVICE CORPORATION INTERNATIONAL)

58. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

59. Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to pay commissions to Mr. Rubin.

60. At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

61. At all times material hereto, SCI had a duty to comply with its obligation to pay commissions to Mr. Rubin.

62. SCI wrongfully took the position that it was not obligated to honor the payment of commissions due and owing to Mr. Rubin in an effort to avoid its financial obligations to Mr. Rubin.

63. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

9

64. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

65. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
(ALDERWOODS)

66. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

67. At all times material hereto, Defendant, Alderwoods made promises to Mr. Rubin that he would be entitled to severance pay.

68. Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

69. At the time these representations were made to Mr. Rubin, Alderwoods knew they were false.

70. Through fraud, the Defendant, Alderwoods, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

71. As a result of fraud, a benefit has been conferred upon the Alderwoods.

72. Under the circumstances, it would be inequitable for the Defendant, Alderwoods, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
(SERVICE CORPORATION INTERVNATIONAL)

73. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

74. At all times material hereto and subsequent to SCI's purchase of Alderwoods, Defendant, SCI was obligated to pay obligations of Alderwoods including severance pay to Mr. Rubin.

75. In fact, subsequent to Alderwoods purchase by SCI, Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

76. At the time representations were made to Mr. Rubin regarding severance pay he had accumulated, SCI had no intension of honoring its obligation.

77. Through fraud, the Defendant, Alderwoods and SCI, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

78. As a result of this fraud, a benefit has been conferred upon SCI.

79. Under the circumstances, it would be inequitable for the Defendant, SCI, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

## COUNT VI - QUANTUM MERUIT
(ALDERWOODS)

80. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

81. Mr. Rubin provided services for Defendant, Alderwoods, with the expectation of payment for such services.

11

82. Defendant, Alderwoods, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

83. Defendant, Alderwoods', actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in Alderwoods behalf.

84. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods, and for such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

### COUNT VII - QUANTUM MERUIT
(SERVICE CORPORATION INTERNATIONAL)

85. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

86. Mr. Rubin provided services for Defendant, SCI, with the expectation of payment for such services.

87. Defendant, SCI, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

88. Defendant, SCI's, actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in SCI's behalf.

89. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

WHEREFORE, Plaintiff demands judgment for damages against Service

Corporation International, and for such other and further relief as the Court deems just

and proper, including attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Date: June 24, 2008

THE COATES LAW FIRM
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Tel: (561) 333-4911
Fax: (561) 333-4988

By _____
Howard K. Coates, Jr.
Fla. Bar No. 0714305
Jack R. Cottrell, Jr.
Fla. Bar No. 482412
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S.

Mail on Akerman Senterfitt, Esperante Building, 222 Lakeview Avenue, Suite 400, West

Palm Beach, Florida, 33401.

_____
Jack Cottrell, Esq.

13

IN THE CIRCUIT COURT FOR THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

Case No. 502008CA008133XXXXMBAI

MARC RUBIN, individually,

      Plaintiff,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas Corporation
and ALDERWOODS GROUP, INC., a
Deleware Corporation,

      Defendants.

## AMENDED COMPLAINT

Plaintiff, MARC RUBIN, individually, hereby files this Complaint against

Defendants, SERVICE CORPORATION INTERNATIONAL, and ALDERWOODS

GROUP, INC., and avers as follows:

### INTRODUCTION

This action arises out of severance pay due and owing to Mr. Rubin when assets

were purchased by Service Corporation International ("SCI"). SCI purchased assets of

Alderwoods Group, Inc., (Alderwoods) on or about June 1, 2007. As part of this transaction,

Mr. Rubin was advised specifically that SCI would be undertaking and honoring any

severance obligations to Alderwoods employees who were not retained by SCI in connection

with the asset purchase, or who were not subsequently employed by SCI in the same or similar

position with the same or similar compensation. Mr. Rubin was not offered a similar position

with similar compensation. As such he is entitled to be paid the severance in accordance with

Alderwood's long standing policy for the full term of his employment. Plaintiff was denied

1

the severance pay he was entitled as well as his wages for the month of June 2007 by the Defendants.

## THE PARTIES

1. Plaintiff, MARC RUBIN (hereinafter "Rubin"), is an individual residing in Broward County, Florida, over the age of eighteen years, and otherwise sui juris.

2. Defendant, Service Corporation International (hereinafter "SCI"), is a Texas corporation, organized and existing under the laws of the State of Texas, and doing business in Palm Beach County, Florida

3. Defendant, Alderwoods Group, Inc. (hereinafter "Alderwoods"), a Deleware corporation, organized and existing under the State of Deleware, and doing business in Palm Beach County, Florida.

## JURISDICTION

4. This is an action for damages in excess of $15,000.00, exclusive of interest and costs.

5. Venue is proper in Palm Beach County, Florida, as this is the County wherein the causes of action alleged herein accrued.

## GENERAL ALLEGATIONS

6. In 1981, Plaintiff, Marc Rubin, began employment with Rubin-Zilbert Memorial Chapel in Miami, Florida which was purchased and subsequently became part of Alderwoods.

7. Mr. Rubin continued his employment with Alderwoods as a management employee until June 1, 2007 when Alderwoods was purchased by SCI.

8. Mr. Rubin was not offered a similar position with similar compensation after the purchase by SCI and his employment with Alderwoods was effectively terminated and, as such, he is entitled to severance pay.

9. The practice of Alderwoods' was to offer compensation to long standing management employees at the conclusion of their employment.

10. Specifically, it was Alderwoods past practice to offer management employees two weeks severance pay for each year of employment based on the average weekly salary for the most recent 52 weeks of employment.

11. Notably, Mr. Rubin was advised by Alderwoods that SCI would be specifically undertaking and honoring any severance obligations and that he was entitled to severance pay consistent with past practices by Kim Elliot, a Human Resource Manager at FTC Hold Separate Locations. See Exhibit "A" attached hereto and incorporated herein.

12. FTC Hold Separate Locations was established by agreed Order of the Federal Trade Commission, Alderwoods, and SCI, in which SCI and Alderwoods were required to hold separate and maintain assets in markets where divestiture was required.

13. Specifically, Mr. Rubin was informed by Kim Elliot a Human Resource Manager at FTC Hold Separate Locations that his average weekly salary with Alderwoods was $6,968.92. In addition, Mr. Rubin was informed by Kim Elliot that Alderwoods was giving him credit for 19.7 years of employment and that he was entitled to severance pay in the amount of $274,575.45 if he was not offered a similar position with similar pay at SCI.

3

14. Mr. Rubin was not offered a similar position at a similar pay and in fact was advised by SCI that he would not be placed in a management position with SCI.

15. As a result of the purchase of Alderwoods by SCI, Mr. Rubin's employment was terminated.

16. On May 30, 2007, Mr. Rubin was also informed that he was technically an employee of SCI due to his location status change which resulted from the asset purchase agreement with SCI. See Exhibit "A" attached hereto and incorporated herein.

17. Mr. Rubin was further informed that he would have to contact SCI's human relations department in order to receive his severance pay.

18. Defendant Alderwoods improperly calculated Mr. Rubin's term of employment at 19.7 years, as Mr. Rubin actually began his employment with an Alderwoods affiliate, Rubin-Zilbert Memorial Chapel in Miami, Florida, in 1981. Thus, Mr. Rubin's severance pay should be calculated on 26 years of employment.

19. On November 27, 2007, Plaintiff demanded from SCI and Alderwoods payment of severance pay in the amount of $362,383.84 based on 26 years of employment, and $2,608.95 for unpaid commissions for June 2007.

20. To date, SCI and Alderwoods have refused to provide Plaintiff with severance pay or unpaid commissions.

21. Severance pay is deemed wages under Florida law. Mr. Rubin is entitled to severance pay from Alderwoods and SCI.

22. A denial of severance pay is deemed a denial of wages under Florida law and Mr. Rubin has been denied wages.

4

23.     Alderwoods and SCI owe severance pay in the amount of $362,383.84 and unpaid commissions to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

## COUNT I – BREACH OF CONTRACT
### (ALDERWOODS)

24.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

25.  At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

26.  At all times material hereto, Alderwoods had a duty to comply with its obligation to pay severance to Mr. Rubin.

27.  With respect to Mr. Rubin's termination with Alderwoods, Alderwoods wrongfully failed in the performance of its duties and responsibilities as determined by the past practices and by Alderwoods' admissions that Mr. Rubin was entitled to severance pay.

28.  Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amount of $362,383.84.

29.  Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

30.  Alderwoods became obligated to pay Mr. Rubin severance pay for the entire period of his employment of twenty-six (26) years when Plaintiff's employment was terminated with Alderwoods' purchase by SCI.

31. Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

32. As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to honor severance payments and failure to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin under the severance agreement.

33. As a result of the Alderwoods's breach of its obligation to pay severence, Plaintiff has suffered damages.

34. As a result of the Alderwoods's failure to pay wages for the month of June 2007, Plaintiff has suffered damages.

35. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (SERVICE CORPORATION INTERNATIONAL)

36. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

37. Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to honor severance payment agreements.

38. At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

39. At all times material hereto, SCI had a duty to comply with the terms of the any and all agreements of Alderwoods, including the severance agreement with Mr. Rubin.

40. With respect to Mr. Rubin's termination with Alderwoods and SCI, SCI wrongfully failed in the performance of its duties and responsibilities with respect to the payment of severance to Mr. Rubin.

41. SCI wrongfully took the position that it was not obligated to honor the severance agreement and commissions due and owing to Mr. Rubin in a misguided effort to avoid its financial obligations to Mr. Rubin for severance payment due and owing to him in the amounts of $362,383.84.

42. As a result of the termination of Mr. Rubin's employment, SCI became obligated to pay Mr. Rubin severance pay for his entire period of employment with Alderwoods which was twenty-six (26) years.

43. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

44. As a result of the above-described actions, as well as its actions taken in refusing to honor severance payments due and owing to Mr. Rubin, SCI is in breach of its obligations to Mr. Rubin under the severance agreement.

45. Further, SCI has failed to pay commissions due and owing the Plaintiff for the month of June 2007.

46. As a result of SCI's breach of its obligations, Plaintiff has suffered damages.

47. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

48. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT III - UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
### (ALDERWOODS)

49. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

50.    At all times material hereto, Alderwoods had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

51. At all times material hereto, Alderwoods had a duty to comply with its obligation to pay commissions to Mr. Rubin.

52. Alderwoods wrongfully took the position that Mr. Rubin was an employee of SCI in a misguided effort to avoid its financial obligations to Mr. Rubin for commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

53. Alderwoods informed Mr. Rubin that he was technically an employee of SCI and his employment with Alderwoods had terminated with the purchase by SCI.

54. Additionally, Alderwoods has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

55. As a result of the above-described actions of Alderwoods, as well as its actions taken in refusing to pay commissions due and owing to Mr. Rubin, Alderwoods is in breach of its obligations to Mr. Rubin.

56. As a result of the Alderwoods's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

57. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against Defendant Alderwoods, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

### COUNT IV – UNPAID COMMISSION PURSUANT TO FLORIDA STATUTE §686.201
(SERVICE CORPORATION INTERNATIONAL)

58. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

59. Alderwoods was purchased by SCI, and upon information and belief, as part of that agreement SCI became obligated to pay commissions to Mr. Rubin.

60. At all times material hereto, SCI had a duty of good faith and fair dealing in connection with its obligations to Mr. Rubin.

61. At all times material hereto, SCI had a duty to comply with its obligation to pay commissions to Mr. Rubin.

62. SCI wrongfully took the position that it was not obligated to honor the payment of commissions due and owing to Mr. Rubin in an effort to avoid its financial obligations to Mr. Rubin.

63. Additionally, SCI has failed to pay commissions due and owing to Mr. Rubin for the month of June 2007 in the amount of $2,608.95.

9

64. As a result of SCI's failure to pay commissions for the month of June 2007, Plaintiff has suffered damages.

65. All conditions precedent to the commencement of this action have occurred or have been waived.

WHEREFORE, Plaintiff demands judgment for triple damages against the Defendant SCI, including attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
### (ALDERWOODS)

66. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

67. At all times material hereto, Defendant, Alderwoods made promises to Mr. Rubin that he would be entitled to severance pay.

68. Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

69. At the time these representations were made to Mr. Rubin, Alderwoods knew they were false.

70. Through fraud, the Defendant, Alderwoods, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

71. As a result of fraud, a benefit has been conferred upon the Alderwoods.

72. Under the circumstances, it would be inequitable for the Defendant, Alderwoods, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
### (SERVICE CORPORATION INTERVNATIONAL)

73. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23, above.

74. At all times material hereto and subsequent to SCI's purchase of Alderwoods, Defendant, SCI was obligated to pay obligations of Alderwoods including severance pay to Mr. Rubin.

75. In fact, subsequent to Alderwoods purchase by SCI, Alderwoods made representations to Mr. Rubin that severance pay would be paid by SCI.

76. At the time representations were made to Mr. Rubin regarding severance pay he had accumulated, SCI had no intension of honoring its obligation.

77. Through fraud, the Defendant, Alderwoods and SCI, convinced Mr. Rubin that SCI would be responsible for any severance payments that were due.

78. As a result of this fraud, a benefit has been conferred upon SCI.

79. Under the circumstances, it would be inequitable for the Defendant, SCI, to retain the unpaid severance pay due to Mr. Rubin.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods and for such other and further relief as the Court deems just and proper.

## COUNT VI - QUANTUM MERUIT
### (ALDERWOODS)

80. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

81. Mr. Rubin provided services for Defendant, Alderwoods, with the expectation of payment for such services.

11

82. Defendant, Alderwoods, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

83. Defendant, Alderwoods', actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in Alderwoods behalf.

84. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

WHEREFORE, Plaintiff demands judgment for damages against Alderwoods, and for such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

## COUNT VII - QUANTUM MERUIT
### (SERVICE CORPORATION INTERNATIONAL)

85. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

86. Mr. Rubin provided services for Defendant, SCI, with the expectation of payment for such services.

87. Defendant, SCI, received the services provided by Mr. Rubin, but has failed to pay for such services to the detriment of Mr. Rubin.

88. Defendant, SCI's, actions and conduct have caused damage to Mr. Rubin and deprived Mr. Rubin of the fair and reasonable compensation for the time and costs expended by Mr. Rubin in SCI's behalf.

89. Defendant is obligated to pay Plaintiff the fair and reasonable value for the services rendered by Plaintiff for Defendant's benefit.

WHEREFORE, Plaintiff demands judgment for damages against Service

Corporation International, and for such other and further relief as the Court deems just

and proper, including attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Date: June ~~24~~, 2008                THE COATES LAW FIRM
                                        12012 South Shore Blvd., Suite 107
                                        Wellington, FL 33414
                                        Tel: (561) 333-4911
                                        Fax: (561) 333-4988

                                        By
                                        Howard K. Coates, Jr.
                                        Fla. Bar No. 0714305
                                        Jack R. Cottrell, Jr.
                                        Fla. Bar No. 482412
                                        Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S.

Mail on Akerman Senterfitt, Esperante Building, 222 Lakeview Avenue, Suite 400, West

Palm Beach, Florida, 33401.

Jack Cottrell, Esq.

13

# THE COATES LAW FIRM

PROFESSIONALISM • INTEGRITY • EXCELLENCE

HOWARD K. COATES, JR., P.A.*†
MARY F. APRIL**
KEVIN J. BYRNE**
SPENCER GOLLAHON
JACK R. COTTRELL, JR.

LICENSED IN FLORIDA AND GEORGIA*
OF COUNSEL**

† FLORIDA SUPREME COURT
  CERTIFIED CIRCUIT CIVIL, COUNTY
  AND FAMILY LAW MEDIATOR

CHANCELLOR CORPORATE CENTER
12012 SOUTH SHORE BOULEVARD
SUITE 107
WELLINGTON, FLORIDA 33414

TELEPHONE (561) 333-4911
FACSIMILE (561) 333-4988
hcoates@coateslawfirm.com
www.coateslawfirm.com

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Melissa Zinkil | FROM: Jack Cottrell, Esq. |
| COMPANY: Akerman Senterfitt | DATE: 6/5/2008 |
| FAX NUMBER: 561-659-6313 | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: 561-671-3675 | SENDER'S REFERENCE NUMBER: 200600-1 |
| RE: Marc Rubin v. Service Corporation International et al. | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Attached please find a copy of the Amended Complaint.

A COPY OF THIS   WILL ☐ / WILL NOT ☐   FOLLOW BY MAIL / FEDEX / OTHER _____

THIS ELECTRONIC MESSAGE TRANSMISSION CONTAINS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE ERASE ALL COPIES OF THE MESSAGE AND ITS ATTACHMENTS AND NOTIFY SENDER IMMEDIATELY. THANK YOU.

IN THE CIRCUIT COURT IN THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| MARC RUBIN, individually,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE CORPORATION<br>INTERNATIONAL, a Texas corporation<br>and ALDERWOODS AFP, a Florida<br>corporation,<br><br>    Defendants. | CASE NO. 502008CA008133XXXXMB<br>DIVISION: AI |

**SUMMONS**

To All and Singular the Sheriffs of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the AMENDED COMPLAINT in this action on:

        **ALDERWOODS GROUP, INC., a Delaware corporation**
**By Serving:**   **311 Elm Street**
              **Suite 1000**
              **Cincinnati, OH 45202**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

        Howard K. Coates, Jr.
        Jack R. Cottrell, Jr.
        The Coates Law Firm
        12012 South Shore Blvd., Suite 107
        Wellington, FL 33414
        (561) 333-4911

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service of Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED _____ JUN 1 2 2008

(SEAL)

CLERK OF THE CIRCUIT COURT

Deputy Clerk
CATHERINE MAY

Largo Investigations, Inc.

## NOTICE OF AMERICANS WITH DISABILITIES ACT

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 300 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401, telephone (561) 355-4380, 1-800-8771 (TDD), or 1-800-955-8770 (V), Via Florida Relay Service.

Daprè ako ki fet avek Americans With Disabilities Act, tout moun ki ginyin yun bézwen éspésiyal pou akomodasiyon pou yo patisipé nan pwogram sa-a dwé, nan yun tan rézonab avan ninpot aranjman kapab fet, yo dwé kontakté Administrative Office of the Court, ki nan niméro 300, North Dixie Highway, Cham niméro 5.2500, West Palm Beach, Florida 33401, téléfon nan sé 561-355-4380 aubyen 1-800-955-8771 (T.D.D.) aubyen 1-800-995-8770 (V) an pasan pa Florida Relay Service.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procédures doivent, dans un temps raisonable, avant d'entreprendre aucune autre démarche, contacter l'office administrative de la Court situé au 300 North Dixie Hwy. situé 5.2500, West Palm Beach Florida 33401 le telephone (561) 355-4380 ou 1-800-955-8771 (TDD) ou 1-800-955-8770 (V) Florida Relay Service.

De acuerdo con el Acto ó Decreto de los Americanos con Impedimentos, Inhabilitados, personas en necesidad del servicio especial para participar en este procedimiento debràn, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 300 North Dixie Highway, oficina 5.2500, West Palm Beach, Florida 33401, Teléfono (561) 355-4380, 1-800-955-8771 (TDD), ó 1-800-955-8770 (V), Via Florida Relay Service.

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502008CA00813XXXXMB-AI

MARC RUBIN,

      Plaintiff,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation,
and ALDERWOODS GROUP, INC., a
Delaware corporation,

      Defendants.

_____/

### DEFENDANT, SERVICE CORPORATION INTERNATIONAL'S
### <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

Defendant, SERVICE CORPORATION INTERNATIONAL ("SCI"), hereby gives notice

that on June 30, 2008, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it filed a Notice of

Removal in the United States District Court for the Southern District of Florida. A copy of the

Notice of Removal, without exhibits, is attached hereto as **Exhibit "A."** In accordance with

Title 28 of the United States Code, no further proceedings should be held in the Circuit Court of

the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida relative to this action.

{WP508555;1}

Marc Rubin  vs. Serv Corporation International, et al.
Case No.: 50 2008 CA 008133 XXXX MB AI
Defendant, Service Corporation International's
Notice of Filing Notice of Removal

Dated: June 30, 2008
West Palm Beach, FL

Respectfully submitted,

_____
Eric A. Gordon (Florida Bar No. 071341)
E-mail: eric.gordon@akerman.com
Melissa S. Zinkil (Florida Bar No. 0653713)
E-mail: melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-6183
Telephone: 561.653.5000
Facsimile: 561.659.6313

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U.S. mail to all parties on the attached Service List on June 30, 2008.

_____
Eric A. Gordon (Florida Bar No. 071341)

Marc Rubin  vs. Service Corporation International, et al.
Case No.:  50 2008 CA 008133 XXXX MB AI
Defendant, Service Corporation International's
Notice of Filing Notice of Removal

## SERVICE LIST

Howard K. Coates, Jr.
Jack R. Cottrell, Jr.
**THE COATES LAW FIRM**
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Telephone:  561.333.4911
Facsimile:   561.333.4988

*Attorney for Plaintiff,*
*Marc Rubin*

Eric A. Gordon, Esq.
E-mail:  eric.gordon@akerman.com
Melissa S. Zinkil, Esq.
E-mail:  melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-1683
Telephone:  561.653.5000
Facsimile:   561.659.6313

*Attorneys for Defendant,*
*Service Corporation International*

{WP508555:1}

3

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.) NOTICE: Attorneys MUST In

| | |
|---|---|
| **I (a) PLAINTIFFS**<br>MARC RUBIN | **DEFENDANTS**<br>SERVICE CORPORATION INTER corporation, and ALDERWOOD Delaware corporation |

**ELECTRONIC**

**June 30, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(b)** County Of Residence Of First Listed Plaintiff Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County Of Residence Of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In Land Condemnation Cases, use the Location of the Tract Land Involved

**(c)** Attorney's (Firm Name, Address, And Telephone Number)
Howard K. Coates, Jr.
Jack R. Cottrell, Jr
The Coates Law Firm
12012 South Shore Blvd., Suite 107
Wellington, FL 33414
Telephone: 561.333.4911

Attorneys (If Known)
Eric A. Gordon
Melissa S. Zinkil
Akerman Senterfitt
222 Lakeview Avenue, 4th Floor
West Palm Beach, FL 33401
Telephone: 561.653.5000

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE/HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

08CV 80-115 KLR AEV

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing / Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
   Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**FORFEITURE/ PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agriculture Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN
(Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-Filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED /RE-FILED CASE(S)
(See instructions second page)

a) Re-Filed Case ☐ YES ☒ NO
b) Related Cases ☐ YES ☒ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)
Jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. In the Amended Complaint, Plaintiff attempts to bring claims for "Breach of Contract" (Counts I and II); "Unpaid Commission Pursuant to Florida Statutes § 686.201" (Counts III and IV), "Unjust Enrichment" (Counts V and VI) and "Quantum Meruit" (Counts VII and VIII), all of which purport to arise out of Plaintiff's alleged employment with and separation from Defendants. LENGTH OF TRIAL Via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND Plaintiff seeks severance pay in the amount of $362,383.84 and allegedly unpaid commissions in the amount of $2,608.95

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 6-30-08

FOR OFFICE USE ONLY   AMOUNT 350 ∞   RECEIPT # 724 376   IFP